UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE, | ) | Civ.  06-5063-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | TEMPORARY |
| C & W ENTERPRISES, INC., | ) | RESTRAINING ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff, Oglala Sioux Tribe (referred to as OST), filed a complaint seeking declaratory and injunctive relief against C & W Enterprises, Inc. (referred to as C & W). OST moves for a temporary restraining order limiting the claims adjudicated in the impending arbitration hearing scheduled to begin on August 30, 2006. C & W opposes the motion. The court denies the motion.

**FACTUAL BACKGROUND**

OST, an Indian tribe recognized by the United States government, contracted with C & W to perform four road construction projects: Multi-Project Gravel; Manderson to Wounded Knee Project; Cuny Table Project; and Base and Blotter Project. OST also granted C & W a mineral rights lease entitling C & W to mine gravel on OST tribal land. The contracts for the Multi-Project Gravel, the Manderson to Wounded Knee Project, and the Cuny Table Project all contain dispute resolution clauses providing for arbitration.

OST alleges that the Base and Blotter Project contract provides for dispute resolution before the Oglala Sioux Tribal Court, and that the mineral lease does not contain any dispute resolution provision.  (Docket 4-1, ¶¶ 17-18).

After experiencing problems, C & W demanded arbitration of four causes of action: (1) breach of the Multi-Project Gravel contract; (2) breach of the Manderson to Wounded Knee Project contract; (3) breach of the Cuny Table Project contract; and (4) breach of the Base and Blotter Project contract. (Docket 4-7; Docket 4-9).  As a measure of damages in these breach of contract actions, C & W seeks recovery for consequential damages resulting from abandonment of aggregate that it mined pursuant to the mineral lease and profits it lost when OST failed to comply with the Indian preference requirements imposed by the Indian Self-Determination Act when OST awarded a fifth construction contract to a third party (collectively referred to as "consequential damage claims").  (Docket 4-7; Docket 4-9).

OST moved in the arbitration proceedings to dismiss the action for breach of the Base and Blotter Project contract and to dismiss the consequential damage claims.  OST argued that these claims were barred by sovereign immunity.  The arbitrator denied the motion to dismiss the action for breach of the Base and Blotter Project contract because the arbitrator found that OST waived its sovereign immunity.  (Docket 4-23).  The arbitrator also denied the motion to dismiss the consequential damage claims; but the

arbitrator denied the motion without prejudice and explicitly permitted OST to raise the sovereign immunity issue at the arbitration hearing. (Docket 4-19).

OST filed this case and moves for a temporary restraining order prohibiting arbitration of the action for breach of the Base and Blotter Project contract and the consequential damage claims. OST argues that these claims are not subject to arbitration because of lack of jurisdiction.

## DISCUSSION

Before reaching the merits of OST's motion, the court must determine whether it has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Thus, issues of subject matter jurisdiction can be raised at any time either sua sponte or by the parties. See Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 612 (8th Cir. 2006). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

OST seeks injunctive relief prohibiting arbitration of the breach of the Base and Blotter Project contract and the consequential damage claims because the arbitration would violate their tribal sovereign immunity. OST asserts that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, empowers the

court to enjoin the impending arbitration. Even though the FAA supplies federal law governing arbitration agreements, it does not provide an independent basis for federal jurisdiction. See Gaming World Int'l Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003); Calvello v. Yankton Sioux Tribe, 899 F. Supp. 431, 434 (D.S.D. 1995). Instead, the court only has subject matter jurisdiction under FAA if the court would have jurisdiction over the underlying civil action that is being arbitrated. See Calvello, 899 F. Supp. at 434; see also Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 683, 685 (5th Cir. 2001) ("A party may obtain relief in federal court under the FAA only when the underlying civil action would otherwise be subject to the court's federal question or diversity jurisdiction."). As the discussed below, however, the court does not have subject matter jurisdiction over the underlying breach of contract actions subject to the arbitration.

OST alleges that the court has federal question jurisdiction under 28 U.S.C. § 1331, which provides: "That the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule provides the appropriate test for federal question jurisdiction. See Iowa Mgmt. & Consultants, Inc. v. Sac & Fox Tribe of the Miss. in Iowa, 207 F.3d 488, 489 (8th Cir. 2000). According to the well-pleaded complaint rule, "the plaintiff's

claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it thought the defendant may interpose.'" Id. (quoting Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-41, 109 S. Ct. 1519, 103 L. Ed. 2d 924 (1989)). Federal question jurisdiction does not lie when there is application of a federal immunity defense, including tribal sovereign immunity, to bar a state law cause of action. See Graham, 489 U.S. at 841, 109 S. Ct. at 924.

OST also alleges that 28 U.S.C. § 1362 provides subject matter jurisdiction.[1] Section 1362 provides: "The district courts shall have original jurisdiction of all civil actions, brought by any Indian Tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." Notably, § 1362, like § 1331, contains language requiring the cause of action to "arise under" federal law. Based on this language, courts have concluded that § 1362 only applies if the well-pleaded complaint rule is satisfied. See Penobscot Nation v. Georgia-Pacific Corp., 106 F. Supp. 2d 81, 86 (D. Me. 2000), aff'd, 254 F.3d 317 (1st Cir. 2001); see also TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 682 (5th Cir. 1999); Gila River Indian Cmty. v.

---

[1] Plaintiffs also allege that jurisdiction is provided by 28 U.S.C. §§ 2201-2202. These statutes, however, simply empower the court to award declaratory relief. They do not provide an independent basis for subject matter jurisdiction. See Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir. 1992).

Henningson, Durham & Richardson, 626 F.2d 708, 714 (9th Cir. 1980); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3579 (2d ed. 1984). Thus, for all purposes relevant here, the court's determination of subject matter jurisdiction is identical under § 1331 and § 1362.[2]

OST argues that the court has federal question jurisdiction because tribal sovereign immunity arises under federal law. The court disagrees. Typically, tribal sovereign immunity is a defense that will not support federal question jurisdiction when invoked to defeat a state law cause of action. See Graham, 489 U.S. at 841, 109 S. Ct. 1519; see also In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994) ("[S]overeign immunity operates essentially as a party's possible defense to a cause of action.").

Rather than invoking sovereign immunity as a defense, however, OST attempts to use it to affirmatively state a cause of action for declaratory and injunctive relief. On the surface, OST's complaint appears to comply with the well-pleaded complaint rule because it asserts a cause of action based upon federal law, namely tribal sovereign immunity. This attempt fails, however, because OST cannot change the defense of sovereign immunity into a federal

---

[2] Section 1362 may provide subject matter jurisdiction despite absence of a federal question when the United States could have sued as trustee for the tribe or when the action involves the right to possession of tribal land. See Gila River Indian Cmty., 626 F.2d at 713; Penobscot Nation, 106 F. Supp. 2d at 85. Neither of these exceptions is implicated here.

cause of action by filing an action seeking a declaration that C & W's arbitration violates its sovereign immunity.  See Penobscot Nation, 106 F. Supp. 2d at 82; see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 16, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." (internal quotation omitted)).  Nor will OST's request for injunctive relief, which would merely enforce the court's declaration that the tribal sovereign immunity defense applies, satisfy the well-pleaded complaint rule whenever the claim is asserted against a private party like C & W.  See Penobscot Nation, 106 F. Supp. 2d at 83 n.4.  In short, the court only has jurisdiction over OST's action seeking declaratory and injunctive relief if it would have federal jurisdiction over the underlying breach of contract actions to which tribal sovereign immunity provides a defense.  See id. at 83.

OST asserts sovereign immunity as a defense to C & W's action for breach of the Base and Blotter Project contract.  This action for breach of a construction contract is, however, based entirely on state law claims over which federal court has no jurisdiction, but over which tribal court would have jurisdiction.  There is no diversity jurisdiction under 28 U.S.C. § 1332 because OST is not a citizen of any state.  See Calvello, 899 F. Supp. at 435. Further, there is no federal question jurisdiction under either § 1331 or

§ 1362 because the cause of action does not arise under federal law.  See Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 676 n.8 (8th Cir. 1986) (stating Indian Tribe's action for breach of construction contract does not support federal question jurisdiction); see also Gila River Indian Cmty., 626 F.2d 708, 710-14 (9th Cir. 1980) (holding that neither § 1331 nor § 1362 gave the court jurisdiction over Indian tribe's breach of construction contract claim); Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481-82 (10th Cir. 1975) (same); Minn. Chippewa Tribal Hous. Corp. v. Reese, 978 F. Supp. 1258, 1266 (D. Minn. 1997).  Because the court lacks subject matter jurisdiction over C & W's action for breach of Base and Blotter Project contract, the court also lacks subject matter jurisdiction to enjoin the impending arbitration of that action.

     The court also finds that it lacks subject matter jurisdiction over the consequential damages claims.  Here, it is important to explicitly define C & W's cause of action.  If C & W was asserting a cause of action for breach of the mineral lease, then the court might have federal question jurisdiction. See Comstock Oil & Gas Inc. v. Ala. & Coushatta Indian Tribes of Tex., 261 F.3d 567, 574-75 (5th Cir. 2001) (stating that the expansive federal regulation of gas, oil, and mineral leases on Indian tribal land triggers federal question jurisdiction over actions determining the validity of the leases); see also Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d

840, 847-48 (8th Cir. 2003). Similarly, if C & W was asserting a private right of action created by the Indian Self-Determination Act, then the court might have federal question jurisdiction. C & W has not, however, asserted either of these causes of action. (Docket 4-7; Docket 4-9). Instead, C & W's only causes of action are for breach of the four construction contracts. The consequential damage claims are merely damages sought in C & W's state law breach of contract actions which do not support federal jurisdiction.

OST relies on Prescott v. Little Six, Inc., 387 F.3d 753 (8th Cir. 2004), to support its argument that the court has federal jurisdiction to enjoin proceedings that would infringe upon OST's tribal sovereign immunity. Prescott does not, however, support OST's position. In Prescott, several individuals filed claims against a tribal corporation based upon the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1053. The district court denied the tribal corporation's motion to dismiss based upon tribal sovereign immunity. The tribal corporation appealed, and the Eighth Circuit found that it had appellate jurisdiction to hear the appeal of the interlocutory order because the case involved sovereign immunity. See Prescott, 387 F.3d at 756-57. Prescott is distinguishable because it involves appellate jurisdiction over interlocutory appeals rather than original subject matter jurisdiction in the district court. Additionally, because the plaintiffs sued under ERISA, the district court had federal question jurisdiction.

OST also relies on Tohono O'odham Nation v. Schwartz, 837 F. Supp. 1024 (D. Ariz. 1993).  Although Schwartz does support OST's argument, the court refuses to follow that decision.  In Schwartz, the district court found subject matter jurisdiction to enjoin the impending state trial because the Tribe had not waived its sovereign immunity.  See Schwartz, 837 F. Supp. at 1028.  The sole authority cited by the Schwartz court for subject matter jurisdiction was White Mountain Apache Tribe v. Smith Plumbing Co., 856 F.2d 1301 (9th Cir. 1988).  In Smith Plumbing Co., however, the Ninth Circuit never discussed subject matter jurisdiction and actually reversed a district court's injunction enjoining state proceedings that allegedly infringed upon the Tribe's sovereign immunity.  Additionally, the court sees no way to reconcile Schwartz with the Supreme Court's decision in Graham.  Thus, the court refrains from following the decision in Schwartz.

In sum, the court finds it has no subject matter jurisdiction over the underlying breach of contract actions asserted by C & W, including the action for breach of Base and Blotter Project contract and the consequential damage claims, and therefore, it has no subject matter jurisdiction over OST's claim for injunctive and declaratory relief.  Thus, OST's motion for a temporary restraining order is denied and this case is dismissed for lack of subject matter jurisdiction.

Based on the foregoing, it is hereby

ORDERED that OST's motion (Docket 8) for temporary restraining order is denied and this action is dismissed without prejudice.

Dated August 28, 2006.

                        BY THE COURT:


                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE